SAUNDERS, Judge.
This is an appeal by Curtis Doty and Jackie Glover, plaintiffs and appellants herein, from the judgment of the trial court finding Doty 100% comparatively at fault in causing the accident wherein the vehicle Doty was driving collided with a slow-moving train in the yard of defendant, Southern Cotton Oil Co. We amend the judgment of the trial court, finding that Southern Cotton Oil Co. was 20% at fault in causing the accident.
FACTS
On August 12, 1989, a 1972 Ford truck being operated by Curtis Doty collided with a Union Pacific train being operated by E.I. Hartman, an employee of Union Pacific Railroad. The train was traveling slowly on a spur track on the property of defendant, Southern Cotton Oil Company’s mill-yard, when the collision occurred.
Both Doty and his passenger, Jackie Glover, suffered slight back injuries as a result of the accident. Doty was treated from August 14, 1989, shortly after the accident, until he was released October 27, 1989. Glover was treated from August 14, 1989, through December 7, 1989. Both plaintiffs were released from their respective doctors’ care with no anticipated residual physical problems.
Plaintiffs brought this action against Union Pacific Railroad Co., who owned the spur track, and against Southern Cotton Oil Co., who owned the premises wherein the spur track was located.
Southern Cotton Oil Co. was the only remaining defendant at trial insofar as the claims between plaintiffs and Union Pacific Railroad Co. had been previously dismissed. After trial on the merits, the trial court found that Doty, the driver of the vehicle, was 100% at fault in failing to see the train.
DISCUSSION
Plaintiffs appeal, contending that the trial court erred in finding Doty negligent in causing the accident; in failing to find Southern Cotton Oil Co. negligent in causing the accident; and in failing to award plaintiffs reasonable damages as a result of the accident.
We find that the trial court erred in finding plaintiff, Doty, 100% at fault in causing the accident. The photographs of the scene of the accident, submitted into evidence at trial, reveal that it was more probable than not that Doty did not see the tracks due to a lack of warning signs and additionally, due to substantial dirt on the tracks.
Southern Cotton Oil Co. relies on Kavanaugh v. Travelers Insurance Company, 203 So.2d 780 (La.App.2d Cir.1967), for the proposition that they are not negligent in failing to post warning signs as to the existence of the spur track. Kavanaugh, supra, although similar, may be distinguished insofar as the plaintiff in Kava- *1096 naugh frequently used the crossing and as stated at page 783, “[n]o posted sign or warning device could have served to inform him or give him more knowledge of the situation than that which he already knew.”
In the present case, the plaintiffs were not familiar with the spur track and the fact that there were no signs or other warnings of the spur track played a role in causing the accident. See Reeves v. Louisiana and Arkansas Railway Company, 282 So.2d 503 (La.1973). In Reeves, the Louisiana Supreme Court found that Humble, the owner of the premises, was negligent in failing to post signs at or near the track, running through its property, warning those working on the premises that trains would be using the track. As in Reeves, supra, we find Southern Cotton Oil Co. 20% at fault in causing the accident. Without apportioning the remaining liability, insofar as Union Pacific Railroad Co. is not before us, we find that Doty and Union Pacific Railroad Co. had a combined fault of 80% in causing the accident.
Although plaintiffs’ petition did not allege a claim for lost wages or property damage, exhibits pertaining to both were entered into evidence without objection from defense counsel.
Doty claims a loss of earnings as a concrete finisher of approximately $2,000.00 as a result of the accident. We find that Doty failed to carry his burden of proof on this issue insofar as his 1989 tax return shows no income from concrete finishing from January 1989 until the time of the accident in August of 1989. Although he stated that he did some concrete finishing work in 1989 before the accident, he testified that he could not give the names of anyone that had contracted him for work. We also note that he did not miss any work in 1989 as a school bus driver due to the accident. Additionally, his 1988 tax returns show a $1,000.00 loss for that year in his concrete finishing business.
Glover also failed to prove any loss of earnings insofar as he testified that he did not work from January until August of 1989, prior to the accident. Under redirect, Glover’s 1989 tax return was introduced which reveals that he earned wages of $3,580.00 in 1989. Later testimony revealed that Glover worked for O.S. Johnson Dirt Contractors, Inc. from approximately October 18, 1989, through November 1, 1989, earning $958.00. The record is silent as to when the remaining $2,600.00, out of a total of $3,580.00, was earned in 1989. It may have been earned either before or subsequent to the accident. The record simply fails to establish that Glover had any loss of earnings due to the accident.
Finally, Doty failed to prove any claim for property loss due to the damage his truck sustained in the accident. His 1985 tax return showed that he had a $1,000.00 basis in his truck. After the accident, the record reveals that the truck was totalled and that the parts and labor to fix the truck would exceed the value of the truck. However, the record is silent as to the value of the truck at the time of the accident. Therefore, we will not award Doty damages for loss of property.
The plaintiff, Curtis Doty, suffered medical expenses in the amount of $1,098.13 as a result of minor back injuries he sustained in the accident. Additionally, Doty’s passenger, Jackie Glover, sustained medical expenses in the amount of $1,538.42 as a result of the accident. We also find that the plaintiffs are entitled to an award of $2,500.00 each for general damages as a result of injuries sustained in the accident.
Southern Cotton Oil Co., appellee, maintains that if it is found negligent, then it should be found Doty and Glover’s statutory employer. As such, Doty and Glover would have no right of action to proceed against it in tort.
In Lewis v. Exxon Corp., 441 So.2d 192 (La.1983), the Louisiana Supreme Court stated at pages 197, 198, as follows:
“Two elements of the § 1032 definition must be met in order for a principal to be considered a statutory employer. First, the ‘work’ must be a part of the principal’s ‘trade, business or occupation.’ *1097 Second, the principal must have been engaged in that trade, business or occupation at the time of the injury. Absent either of these two conditions, the injury will not come within the scope of the workers’ compensation program.”
See also Reeves, supra.
Doty was a cement finisher who had been employed by Mr. Rutledge, a plumbing contractor, to do some cement-finishing on Southern Cotton Oil Company’s premises. There has been no contention, nor has any evidence been tendered to prove that Southern Cotton Oil Company’s principal trade and business was cement-finishing. As such, we find this contention without merit.
CONCLUSION
The judgment of the trial court is hereby affirmed, as amended, as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Curtis Doty and against Southern Cotton Oil Co. in the amount of 20% of the total damages which include $1,098.13 for special damages; $175.00 for the cost of Dr. Breazeale’s deposition; and $2,500.00 in general damages.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Jackie Glover and against Southern Cotton Oil Co. in the amount of 20% of the total damages which include $1,538.42 for special damages; $200.00 for the cost of Dr. Broullette’s deposition; and $2,500.00 in general damages.
Costs of trial and of this appeal are to be paid by the parties in their proportionate share.
AFFIRMED, AS AMENDED, AND RENDERED.